IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV498-MU

| | |
|---|---|
| C. DOUGLAS SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| TROY LEE AND PROGRESSIVE ) | |
| LIGHTING, INC., aka LEE LIGHTING, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant Progressive Lighting's Motion for Summary Judgment (Document #6). For the reasons set forth below, the motion is **GRANTED**.

## BACKGROUND

Plaintiff C. Douglas Smith ("Smith") originally filed this action on May 1, 2006 in the Superior Court of Union County, North Carolina. Defendant Progressive Lighting, Inc., also known as Lee Lighting, Inc., ("Progressive") removed this case to federal court pursuant to 28 U.S.C. §1332 on December 8. 2006. Smith is domiciled in Union County, North Carolina, Troy Lee ("Lee") is domiciled in Gwinnett County, Georgia, and Progressive is incorporated in Georgia.

Smith has asserted claims for alienation of affection and criminal conversation against Defendant Lee and has also asserted the same claims against Progressive under a theory of

1

vicarious liability. Smith's allegations are based on a relationship between Smith's former wife Melissa Bernard Smith ("Bernard") and Lee.

Both Lee and Bernard are employees of Progressive. Lee oversees the manufacturing division of Progressive, and Bernard works in the sales division. Smith and Bernard were married on November 5, 1989, separated on February 7, 2004, and are now divorced. According to Smith, their marriage was characterized by love, devotion, and affection, and Lee intentionally committed acts to destroy that marriage. Smith alleges that Lee solicited Bernard to abandon her marital relationship and seduced her in his capacity as her supervisor, and that many of his actions occurred during business hours, in the scope of his employment and in furtherance of Progressive's business. As a direct result of Lee's actions, Smith and Bernard divorced.

## DISCUSSION

### A. Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the movant has met the initial burden, the non-moving party must come forward with specific facts demonstrating a genuine issue for trial. *Celotex*, 477 U.S. at 323. A genuine issue for trial exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Pursuant to Rule 56(e), after "a motion for summary judgment is made . . . an adverse

party may not rest upon the mere allegations or denials of the adverse party's pleading," rather "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. C. P. 56(e); *Anderson*, 477 U.S. at 250. This is particularly important where the nonmoving party bears the burden of proof. *Hughes v. Bedsole*, 48 F.3d. 1376, 1381 (4th Cir. 1995). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249-50. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff. Id. at 252. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.

When considering summary judgment motions, courts must view the facts in the light most favorable to the party opposing the motion. *Austin v. Clark Equip. Co.*, 48 F.3d 833, 835 (4th Cir. 1995). "[T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). Indeed, summary judgment is only proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted). However, in reviewing the whole record, the Court must remember to "disregard all evidence favorable to the moving party that the jury is not required to believe" and, therefore, only "give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is

3

uncontradicted and unimpeached, at least to the extent that [the] evidence comes from disinterested witnesses." *Reeves,* 530 U.S. at 151.

Under North Carolina law, liability of a principal for the torts of his agent can arise in three situations: 1) when the agent's acts are expressly authorized by the principal; 2) when the agent's acts are committed within the scope of his employment and in furtherance of the principal's business; or 3) when the agent's acts are ratified by the principal. *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 491 (1986). To be in the course and scope of employment, an employee, at the time of the incident must be acting in furtherance of Progressive's business and for the purpose of accomplishing the duties of his employment. *Mercier v. Daniels*, 533 S.E.2d 877, 880 (2000). To be ratified by an employer, Plaintiff must prove that "the employer had knowledge of all the material facts and circumstances relative to the wrongful act, and that the employer, by words or conduct, shows an intention to ratify the act." *Mercier* 533 S.E.2d at 881.

Here, even if the Court accepts Smith's allegations that Lee's employer knew of the affair, knowledge alone is not enough to show ratification. "It is not sufficient to hold the employer liable that the wrongful act occurred while the employee was at this posted duty during the hours of work" *Megner v. Delly-Land Delicatessen, Inc.*, 163 S.E.2d 803, 808 (1967) Progressive Lighting is not in business of relationships, and the Court fails to see how relationships between employees would be either in the scope of the company's business or would further the business in any sort of productive manner.

Further, this Court is loathe to apply vicarious liability against employer for torts of alienation of affection or criminal conversation. It is simply unreasonable to expect businesses to

4

regulate the intimate and personal affairs of their employees. *See Jackson v. Righter*, 891 P.2d 1387, 1393 (Utah 1995) (declining to impose a duty on employers to protect employees' spouses from a workplace romance); *Osborne v. Payne*, 31 S.W.3d 911, 915 (Ky. 2000) (holding that a diocese is not vicariously liable for the alienation of affection committed by a priest and declaring such a theory of liability to be "absurd"); *Hargan v. Southwestern Electric Cooperative, Inc.*, 725 N.E.3d 807, 810 (2000) (holding that, as a matter of law, an employer is not vicariously liable for the alienation of affection committed by an employee).

NC public policy disfavors the extension of marital torts to employers. Torts of alienation of affection and criminal conversation are private and personal. Holding employers to owe a duty to the spouses of their employees would extend the potential liability of employers infinitely. For these reasons,

**IT IS ORDERED** that Defendant Progressive Lighting's Motion for Summary Judgment is **GRANTED.**

Signed: October 23, 2007

Graham C. Mullen
United States District Judge