IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV498-MU

| | |
|---|---|
| C. DOUGLAS SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| TROY LEE AND PROGRESSIVE ) | |
| LIGHTING, INC., aka LEE LIGHTING, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant Troy Lee's Motion for Summary Judgment (Document #6). For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

Plaintiff C. Douglas Smith ("Smith") originally filed this action on May 1, 2006 in the Superior Court of Union County, North Carolina. Defendant Progressive Lighting, Inc., also known as Lee Lighting, Inc., ("Progressive") removed this case to federal court pursuant to 28 U.S.C. §1332 on December 8. 2006. Smith is domiciled in Union County, North Carolina, and Troy Lee ("Lee") is domiciled in Gwinnett County, Georgia. In its October 23, 2007 Order, this Court granted Progressive's Motion for Summary Judgment against Smith. Lee is the only remaining defendant.

Smith asserts claims for alienation of affection and criminal conversation against Defendant Lee. Smith's allegations are based on a relationship between Smith's former wife

1

Melissa Bernard Smith ("Bernard") and Lee. Lee and Bernard admit to having sexual intercourse in Atlanta in September 2003. They also acknowledge meeting in hotels in North Carolina shortly thereafter in October and November of 2003. Bernard and the Plaintiff separated in February, 2004. Lee also testified that on several occasions that he met Bernard for sexual encounters in South Carolina in the spring of 2004.

Both Lee and Bernard are employees of Progressive. Lee oversees the manufacturing division of Progressive, and Bernard works in the sales division. Smith and Bernard were married on November 5, 1989, separated on February 7, 2004, and are now divorced. According to Smith, their marriage was characterized by love, devotion, and affection, and Lee intentionally committed acts to destroy that marriage. Smith alleges that Lee solicited Bernard to abandon her marital relationship and seduced her, resulting in the end of the marital relationship between Smith and Bernard.

## **DISCUSSION**

### A.     **Standard of Review**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the movant has met the initial burden, the non-moving party must come forward with specific facts demonstrating a genuine issue for trial. *Celotex*, 477 U.S. at 323. A genuine issue for trial exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Pursuant to Rule 56(e), after "a motion for summary judgment is made . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading," rather "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. C. P. 56(e); *Anderson*, 477 U.S. at 250. This is particularly important where the nonmoving party bears the burden of proof. *Hughes v. Bedsole*, 48 F.3d. 1376, 1381 (4th Cir. 1995). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249-50. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff. Id. at 252. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.

When considering summary judgment motions, courts must view the facts in the light most favorable to the party opposing the motion. *Austin v. Clark Equip. Co.*, 48 F.3d 833, 835 (4th Cir. 1995). "[T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). Indeed, summary judgment is only proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted). However, in reviewing the whole record, the Court must remember to "disregard all evidence favorable to the

moving party that the jury is not required to believe" and, therefore, only "give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that [the] evidence comes from disinterested witnesses." *Reeves,* 530 U.S. at 151.

## B. CRIMINAL CONVERSATION

Criminal conversation is a transitory tort. *See Eluhu v. Rosenhaus*, 159 N.C. App. 355, 360, 583 S.E.2d 707, 711 (2003); *Cooper v. Shealy*, 140 N.C. App. 729, 736, 537 S.E.2d 854, 858-59 (2000); *Darnell v. Rupplin*, 91 N.C. App. 349, 351, 371 S.E.2d 743, 745 (1988). As such, the applicable law is that of the state where the tortious injury occurred. *Darnell*, 91 N.C. App. at 351, 371 S.E.2d at 745; *accord Eluhu*, 159 N.C. App. at 736, 583 S.E.2d at 711; *Cooper*, 140 N.C. App. at 736, 537 S.E.2d at 858-59. "Therefore, plaintiff must prove that the tortious injuries . . . occurred in North Carolina before North Carolina substantive law can be applied." *Cooper*, 140 N.C. App. at 736, 537 S.E.2d at 859; *accord Darnell*, 91 N.C. App. at 351, 371 S.E.2d at 745. If Lee and Bernard did not have sexual contact in North Carolina, Smith's claim of criminal conversation must be dismissed.

Under North Carolina law, the elements of criminal conversation are "the actual marriage between the spouses and sexual intercourse between defendant and the plaintiff's spouse during the coverture." *Johnson v. Pearce,* 148 N.C. App. 199, 200-01, 557 S.E.2d 189, 190 (2001). North Carolina courts have stated that it is not necessary to show the sexual intercourse by direct proof, but that it may be shown by circumstantial evidence from which the guilt of the parties can be reasonably inferred. *Gray v. Hoover,* 94 N.C. App 724, 729, 381 S.E. 2d 472 (1989). But the

4

circumstantial evidence must be more than "mere conjecture." *Coachman v. Gould*, 122 N.C.App. 443, 470 S.E.2d 560 (1996); *Chappell v. Redding*, 67 N.C.App. 397, 313 S.E.2d 239, *discretionary review denied*, 311 N.C. 399, 319 S.E.2d 268 (1984); *Horney v. Horney*, 56 N.C.App. 725, 289 S.E.2d 868 (1982).

For circumstantial evidence to adequately show criminal conversation, plaintiff must show inclination and opportunity. "Adultery is presumed if the following can be shown: (1) the adulterous disposition, or inclination, of the parties; and (2) the opportunity created to satisfy their mutual adulterous inclinations." *Coachman,* 122 N.C. App. at 447, citing *In Re Estate of Trogdon,* 330 N.C. 143, 150, 409 S.E.2d 897, 901 (1991).

Here, inclination clearly exists. Both Lee and Bernard admit to having sexual intercourse on multiple occasions. The question of opportunity is somewhat less clear. Although Lee and Bernard admit to having sexual intercourse in Georgia and South Carolina and meeting at a hotel twice in North Carolina, they deny having such any sexual conduct in North Carolina. When viewed in isolation, being seen at a hotel does not prove sexual contact. But the situation cannot be viewed in isolation, rather the Court must consider the surrounding circumstances, including the admissions that Lee and Bernard had sexual contact multiple times both before and after the meetings in North Carolina. These circumstances surrounding the couple's meetings in North Carolina and the opportunity afforded by such meetings distinguish this case from the two cases (*Coachman* and *Chappell*) cited by the defense. Given the admitted inclination of Lee and Bernard to engage in sexual conduct, the Court finds that Lee and Bernard did have the opportunity for such conduct in North Carolina, and thus, the matter is inappropriate for summary judgment.

## C. ALIENATION OF AFFECTION

Alienation of affection is also a transitory tort. *See Eluhu v. Rosenhaus*, 159 N.C. App. 355, 360, 583 S.E.2d 707, 711 (2003); *Cooper v. Shealy*, 140 N.C. App. 729, 736, 537 S.E.2d 854, 858-59 (2000); *Darnell v. Rupplin*, 91 N.C. App. 349, 351, 371 S.E.2d 743, 745 (1988). To establish a common law claim for alienation, a plaintiff must prove "(1) [t]hat [she and her husband] were happily married, and that a genuine love and affection existed between them; (2) that the love and affection so existing was alienated and destroyed; [and] (3) that the wrongful and malicious acts of the defendant[] produced and brought about the loss and alienation of such love and affection." *McCutchen v. McCutchen*, 360 N.C. 280, 283, 624 S.E.2d 620, 623 (2006) citing *Litchfield v. Cox,* 266 N.C. 622, 623, 146 S.E.2d 641, 641 (1966)

In this case, the question of whether Smith and Bernard had a happy marriage cannot be determined by summary judgment. Both parties present affidavits supporting their view of the marriage, and the factual question of which view is correct is for a jury to determine.

In the second element, there seems to be little question as to whether any love and affection exists today, since the parties are now separated.

With respect to the third element, North Carolina courts have held that telephone calls made to North Carolina by a paramour can constitute solicitations. *Cooper v. Shealy,* 140 N.C. App. 729, 734,735, 537 S.E.2d 854 (2000). Both Lee and Bernard indicate that during the year leading up to Plaintiff's separation, they engaged in numerous telephone conversations of great length and at all hours. They agree that these conversations built their friendship and that they discussed many non-business matters, including problems with Bernard's marriage. Lee testified that the calls were made to Bernard while she was in North Carolina. The question of whether the conversations were made to

6

harm a Plaintiff and his marriage and thus alienate the affections of his spouse is for a jury to determine.

For these reasons, **IT IS ORDERED** that Defendant Troy Lee's Motion for Summary Judgment is **DENIED.**

Signed: April 1, 2008

Graham C. Mullen
United States District Judge