# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:06-CV-498-MU

C. DOUGLAS SMITH,

    Plaintiff,

vs.

TROY LEE,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO LIMIT PLAINTIFF'S USE OF PHONE RECORDS**

THIS MATTER came before the Court upon the motion in limine by Defendant Troy Lee to disallow the admission of certain phone records in their entirety. After reviewing the motion, the arguments of counsel, and the entire record, this Court finds as follows:

In 2000, Bernard was hired by Lee Lighting, Inc., also known as Progressive Lighting, Inc. ("Progressive Lighting"), initially as a salesperson, and was later promoted to Sales Manager for Progressive Lighting's North Carolina operations. At all relevant times, Defendant Troy Lee ("Lee" or "Defendant") was employed in the manufacturing section of the business, and was responsible for (among other jobs) product design and development for customers.

Smith was deposed in connection with this lawsuit, and admitted during his deposition testimony that he obtained records for Bernard's company-issued cellular telephone by calling Nextel and claiming that he was attempting to help Bernard obtain her phone records online. In fact, Smith was attempting to obtain Bernard's phone records surreptitiously and without her knowledge. Although such behavior was not prohibited by federal law at the time, Smith's behavior would today constitute a violation of the Telephone Records and Privacy Protection

Act, which was signed into law on January 1, 2007. The Telephone Records and Privacy Protection Act (H109-4709) prohibits "pretexting" to buy, sell, or obtain personal phone records, and threatens up to 10 years in prison to any person pretending to be someone else or otherwise employing fraudulent tactics to persuade a phone company to provide confidential information about its customers. In the interests of fairness, justice, and the clear public policy that is advanced by discouraging pretexting through prohibiting the admission of its fruits into evidence, this Court finds that the phone records obtained by Smith shall not be received into evidence.

WHEREFORE, the plaintiff, his witnesses, and his counsel shall not mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, or offer otherwise any evidence of the Nextel phone records obtained by Smith.

IT IS SO ORDERED.

Signed: July 10, 2008

Graham C. Mullen
United States District Judge