**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:06-CV-498-MU**

| | |
|---|---|
| C. DOUGLAS SMITH,<br><br>                 **Plaintiff,**<br><br>vs.<br><br>TROY LEE,<br><br>                 **Defendant.** | **ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO LIMIT EVIDENCE OF POST-SEPARATION CONDUCT** |

THIS MATTER came before the Court upon the motion in limine by Defendant Troy Lee asking the Court to instruct the plaintiff, his witnesses, and his counsel not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, or offer otherwise any evidence of Defendant's current living arrangements. After reviewing the motion, the arguments of counsel, and the entire record, the Court finds as follows:

Plaintiff C. Douglas Smith ("Smith" or "Plaintiff") and his former wife Melissa Bernard ("Bernard") were granted an absolute divorce by the Superior Court of Union County, North Carolina in May 2005. In August 2006, more than a year after Bernard's divorce, Bernard and Defendant Troy Lee ("Lee" or "Defendant") began living together in the same residence in Atlanta, Georgia.

Evidence of Bernard and Lee's current, post-divorce cohabitation has very limited relevance as to Plaintiff's claims for alienation of affections and criminal conversation, which are based on alleged pre-divorce behavior. Under Federal Rule of Evidence 401, relevant

evidence is "evidence having any tendency to make the evidence of any fact that is of consequence to the determination of the action more probable or less probable than it be without the evidence." Although evidence of Bernard and Lee's cohabitation may be relevant, its probative value is limited by the temporal distance between the dates upon which Bernard and Smith separated and eventually divorced and the date upon which Bernard began living with Lee.

Because such evidence has such limited probative value, it should be excluded under Federal Rule of Evidence 403, which provides that evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Although evidence of current, post-divorce cohabitation has little probative value as to Plaintiff's claims, such evidence is very likely to inject emotion into the jury's decision, thus introducing unfair prejudice and misleading the jury. Therefore, such evidence shall be excluded under Rule 403.

WHEREFORE, plaintiff, his witnesses, and his counsel shall not mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, or offer otherwise any evidence of Defendant's current living situation.

IT IS SO ORDERED.

Signed: July 10, 2008

Graham C. Mullen
United States District Judge