# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:06-CV-498-MU

| | |
|---|---|
| C. DOUGLAS SMITH,<br><br>            Plaintiff,<br><br>vs.<br><br>TROY LEE,<br><br>            Defendant. | **ORDER EXCLUDING EVIDENCE OBTAINED AS A RESULT OF PLAINTIFF'S ILLEGAL WIRETAP ACTIVITIES** |

THIS MATTER came before the Court upon the motion in limine by Defendant Troy Lee ("Defendant" or "Lee") seeking an Order instructing the plaintiff, his witnesses, and his counsel not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, or offer otherwise any evidence obtained as a direct or indirect result of Plaintiff's unlawful wiretapping activities. After reviewing the motion, the arguments of counsel, and the entire record, this Court finds as follows:

Plaintiff C. Douglas Smith ("Smith") owns a tape dictation unit and a voice-activated digital recording device (the "Recorders"). On numerous occasions between September 2003 and February 2004, Smith intentionally placed the Recorders or one of the Recorders in the pocket of the driver's door of the automobile operated by Bernard or in the cut lining to her purse for the purpose of recording Bernard's oral communications with others. Using the Recorder, Smith intercepted phone conversations between Bernard and defendant Troy Lee ("Lee" or the "Defendant") during that time period.

Smith subsequently played some of these recordings to Bernard and also transferred some and/or some portions of the intercepted phone conversations from the Recorder onto other forms of recorded media, including cassette tapes. Smith shared some and/or some portions of the intercepted phone conversations with other individuals, including, but not limited to, Bernard and a mental health professional from whom Smith and Bernard had sought marriage counseling (the "marriage counselor").

Lee had an expectation that his private telephone conversations with Bernard were not subject to interception, and Lee was justified in such expectation. Smith intercepted Lee's conversations without the knowledge or consent of Lee. Therefore, Smith's actions were in violation of 18 U.S.C. § 2511(1)(a) of the Wiretap Act, which prohibits the intentional interception of wire, oral, or electronic communications without consent.

Smith has used, and continues to use, the information gleaned from the illegally intercepted conversations to discover additional evidence, including records for the cellular telephone which was provided to Bernard by her employer and invoices for hotel stays reserved by Lee. Disclosure of the contents of any intercepted conversations or any evidence derived therefrom would violate § 2511(1)(c), which provides that any person who "intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection."

Therefore, pursuant to 18 U.S.C. § 2515, this Court finds that cause exists to GRANT Defendant's motion in limine, and this Court will not receive into evidence any part of the contents of any communications intercepted by Smith or any evidence derived therefrom.

IT IS SO ORDERED.

Signed: July 10, 2008

Graham C. Mullen
United States District Judge